# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

*In re*: **C.L.**

**No. 16-0801** (Mercer County 15-JA-061-WS)

**FILED**

**May 22, 2017**

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Mother C.L.-1, by counsel Michael P. Cooke, appeals the Circuit Court of Mercer County's July 12, 2016, order terminating her parental, custodial, and guardianship rights to then two-year old C.L.-2.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel S. L. Evans, filed its response in support of the circuit court's order. The guardian ad litem, Joseph T. Harvey, filed a response on behalf of the child also in support of the circuit court's order. On appeal, petitioner argues that the circuit court erred in terminating her post-adjudicatory improvement period and, ultimately, terminating her parental, custodial, and guardianship rights to the child.[2]

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In June of 2015, the DHHR filed two abuse and neglect petitions (an initial petition and an amended petition later that month) alleging that petitioner abused and/or neglected the child. In those petitions, the DHHR claimed that Child Protective Services ("CPS") began an investigation into petitioner in 2014 due to her reported drug use and other problems allegedly affecting her parenting. According to the DHHR, petitioner left the child in the custody of a registered sex offender on at least one occasion, and a CPS worker visited petitioner's home and deemed it unsafe for the child. The CPS worker reported that petitioner's home had exposed electrical cords; holes in the walls; unsanitary conditions, including old food that was not

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W.Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W.Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W.Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W.Va. 641, 398 S.E.2d 123 (1990). Further, because petitioner and the child share the same initials, we use numbers (C.L.-1 and C.L.-2) to distinguish them in this memorandum decision.

[2]While petitioner argues that the circuit court terminated her "parental rights," the circuit court's July 12, 2016, order expressly terminated her "parental, custodial, and guardianship" rights.

properly stored or disposed of; and child access to stairs and a balcony porch with an open gate. The DHHR also noted its concern that the holes in the wall may have been the result of the child's father's "explosive anger."

In August of 2015, the circuit court held an adjudicatory hearing. Petitioner did not contest the allegations that she neglected the child. Thereafter, petitioner's motion for a post-adjudicatory improvement period was granted. One of the issues to be addressed in her improvement period was substance abuse.

In November of 2015, the DHHR filed a court summary in which it claimed that petitioner had not entered substance abuse treatment, despite the opportunity to do so, and that her visits with the child were "sporadic." At a status hearing held later that month, the circuit court ordered that petitioner's improvement period would continue. The circuit court urged petitioner to "step up and show more progress."

In February of 2016, the circuit court held a review hearing. The DHHR and guardian agreed that the matter should be scheduled for disposition based on petitioner's lack of progress. The circuit court scheduled the matter for disposition. Thereafter, a motion to terminate petitioner's parental rights to the child was filed.

In April of 2016, the circuit court held a dispositional hearing. At that hearing, the DHHR argued that petitioner failed to cooperate in the application process for drug treatment and refused to enter a drug crisis or detoxification unit. The DHHR again stated that petitioner's visits with the child were "sporadic." The circuit court held the motion to terminate petitioner's rights to the child in abeyance and ordered petitioner to enter drug treatment. Disposition was continued. Prior to the final dispositional hearing, petitioner was reportedly incarcerated. The details of her incarceration are unclear from the record on appeal.[3]

In July of 2016, the circuit court held a final dispositional hearing. At that hearing, the DHHR moved to terminate petitioner's parental rights due to her non-compliance with drug treatment and her sporadic visits with the child. The DHHR argued that petitioner was unwilling or unable to participate in a reasonable case plan because she had not cooperated in drug treatment, despite the DHHR's efforts. At the conclusion of the hearing, the circuit court found that petitioner made no reasonable efforts to comply with drug treatment or to consistently visit the child. As such, the circuit court concluded that there was no reasonable likelihood that the conditions of neglect could be substantially corrected in the near future and that termination was in the child's best interests. For those reasons, the circuit court terminated petitioner's parental, custodial, and guardianship rights to the child.[4] This appeal followed.

---

[3]Petitioner claims her incarceration was due to a bench warrant for failure to appear in a prior court case and for charges of driving under the influence and driving on a suspended license.

[4]The parental rights of both parents to the child were terminated below. The DHHR and the guardian ad litem state that the child is currently placed with her maternal grandmother with the goal of adoption into that home.

The Court has previously established the following standard of review:

> "Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011).

On appeal, petitioner argues that the circuit court erred in terminating her post-adjudicatory improvement period and, ultimately, terminating her parental, custodial, and guardianship rights to the child. With regard to the termination of improvement periods, West Virginia Code § 49-4-610 provides that a circuit court may grant, extend, or terminate an improvement period. West Virginia Code § 49-4-610(7) requires the termination of an improvement period "when the court finds that [a parent] has failed to fully participate in the terms of the improvement period." Additionally, we have long held that "[i]t is within the court's discretion . . . to terminate the improvement period . . . if the court is not satisfied that the [parent] is making the necessary progress." Syl. Pt. 2, *In re Lacey P.*, 189 W.Va. 580, 433 S.E.2d 518 (1993).

In this case, contrary to her claims on appeal, petitioner clearly failed to fully participate in her post-adjudicatory improvement period. The record on appeal reveals that petitioner was required to enter drug treatment, but failed to do so. Further, she failed to substantially cooperate with the DHHR's efforts to facilitate drug treatment. The DHHR also noted at the dispositional hearing that petitioner only visited her child sporadically. As such, we find no error in the circuit court's decision to terminate petitioner's improvement period based on unsatisfactory progress.

With regard to the termination of a parent's parental, custodial, and guardianship rights, West Virginia Code § 49-4-604(a)(6) provides that circuit courts are directed to terminate such rights upon finding that there is "no reasonable likelihood that the conditions of neglect or abuse can be substantially corrected in the near future" and that termination is necessary for the children's welfare. West Virginia Code § 49-4-604(c)(3) provides that "no reasonable likelihood that conditions of abuse or neglect can be substantially corrected" exists when "[t]he abusing parent . . . ha[s] not responded to or followed through with a reasonable family case plan or other rehabilitative efforts[.]" As discussed above, petitioner failed to follow through with drug treatment as directed, and she failed to cooperate with the DHHR's efforts to provide her with that treatment. Petitioner also failed to substantially comply with her visitation schedule with the

3

child. Based on these facts, we find no error in the circuit court's order terminating petitioner's parental, custodial, and guardianship rights to the child.

For the foregoing reasons, we hereby affirm the circuit court's July 12, 2016, order.

Affirmed.

**ISSUED**:  May 22, 2017

**CONCURRED IN BY**:

Chief Justice Allen H. Loughry II
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Elizabeth D. Walker